UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM C. COLLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:16-cv-01926-SEB-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

For the reasons explained in this Entry, the motion of Adam C. Collins for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. § 2255 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Background

On February 11, 2003, Mr. Collins was convicted in the United States District Court for the Southern District of Indiana of armed bank robbery, 18 U.S.C. § 2113(a), (d), and use of a firearm during the robbery, *id.* § 924(c). *USA v. Collins*, No. 1:02-cr-00123-SEB-TAB-1 (S.D. Ind. Feb. 11, 2003). He was "sentenced to consecutive sentences totaling 223 months' incarceration incarceration—68 months above the high end of the combined guidelines range for the two offenses." *United States v. Collins*, 160 Fed. Appx. 514, 515 (7th Cir. Dec. 22, 2005). His sentences were affirmed on appeal. *Id*.

> The Seventh Circuit describes the sentencing court's fashioning of Mr. Collins's sentence:
>
> The judge moved above the high end of the guidelines range principally because he concluded that Collins's criminal history category underrepresents the seriousness of his criminal history and the likelihood of recidivism. *See* U.S.S.G. § 4A1.3. That determination rests in part on the fact that Collins received no criminal history points for a robbery and an unrelated auto theft he committed approximately nine years before the bank robbery, when he was 15. Neither of these juvenile offenses factored into Collins's criminal history score because of his age when he committed the crimes and the length of time between those offenses and the crimes here. The court observed that had Collins been an adult when he committed the uncounted juvenile robbery, he would have qualified as a career offender because he also had accumulated a countable conviction for aggravated battery. The court noted that since a career offender is automatically placed in criminal history category VI, Collins would have faced at least 25 years under the guidelines had his juvenile robbery offense counted towards his criminal history score. The district judge also emphasized that Collins's long-time gang affiliation, his repeated instances of misconduct and violent behavior during previous periods of confinement, and his overall pattern of criminal conduct since the age of 14 elevated his potential for recidivism beyond that reflected in his criminal history category as calculated. Finally, the court reasoned that the guidelines did not adequately take into account that Collins and his fellow bank robbers were violent and extremely dangerous, and had so "terrorized" the bank employees and patrons that they "will never forget that day."

*Id.* at 516.

In 2015, the Supreme Court in *Johnson* held that the so-called residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015). The Seventh Circuit has summarized *Johnson*'s impact on the ACCA:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson*'s holding is a new rule of constitutional law that the Supreme Court made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016). *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).

On June 30, 2016, Mr. Collins filed an application with the Seventh Circuit seeking authorization to file a successive motion to vacate under § 2255 limited to a claim under *Johnson*. On July 15, 2016, the Seventh Circuit granted the application and authorized the Court to consider Mr. Collins's *Johnson* claim. *Collins v. USA*, No. 16-2832, dkt. 3 (7th Cir. July 15, 2016).

### III. Discussion

Mr. Collins seeks relief pursuant to § 2255 arguing that his § 924(c) conviction was predicated on his armed bank robbery conviction under 18 U.S.C. § 2113(a), and because § 2113(a) does not qualify as a "crime of violence" under the § 924(c) residual clause, his § 924(c) conviction cannot be constitutionally sustained. The United States argues that Mr. Collins's challenge is foreclosed by Seventh Circuit precedent holding that 18 U.S.C. § 2113, is a crime of violence under the elements clause of the applicable "crime of violence" definition. *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016). Mr. Collins did not file a reply, and the time to do so has passed.

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

Post-*Johnson*, the Seventh Circuit held that the residual clause in 18 U.S.C. § 924(c) is void for vagueness. *United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). However, the Seventh Circuit has also held that robbery under § 2113(a) and § 2113(d) constitutes a crime of violence under the force clause of § 924(c). *See United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016) ("robbery by intimidation under § 2113(a) and robbery by assault by a dangerous weapon or device under § 2113(d) have as an element the use, attempted use, or threatened use of physical force against the person or property of another and thus qualify as crimes of violence under § 924(c)."); *see also United States v. Seals*, 1:13-CR-89-TLS, 2017 WL 2181183 (N.D. Ind. May 18, 2017).

Thus, because *Johnson* does not apply to Mr. Collins's sentence, §2255 relief is unavailable to Mr. Collins.

### IV. Conclusion and Certificate of Appealability

For the reasons explained in this Order, Mr. Collins is not entitled to relief on his § 2255 motion. His sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255

is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:02-cr-00123-SEB-TAB-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Collins has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/9/2018

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ADAM C. COLLINS
06939-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov